IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| CARLA DAVIDSON, ) | Civil Action No.: 2:09cv2304-CWH-BM |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | **Violation of Title VII, Sexual Harassment** |
| vs. ) | **and Retaliation** |
| ) | |
| VOUGHT AIRCRAFT INDUSTRIES, INC., ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |
| _____) | |

The plaintiff above named, complaining of the acts of the above-named defendant, states as follows:

**PARTIES AND JURISDICTION**

1.     That the plaintiff is a resident and citizen of the County of Charleston, State of South Carolina.

2.     That, upon information and belief, the defendant Vought Aircraft Industries, Inc. is a foreign corporation doing business and maintaining offices and agents in the County of Charleston, State of South Carolina.

3.     That this court has federal question jurisdiction pursuant to 42 U.S.C. §2000e-2, 42 U.S.C. §2000e-3, 42 U.S.C. §2000e-5, and 28 U.S.C. §1331.

4.     That venue for all causes of action stated herein lies in the District of South Carolina, Charleston Division, in that pursuant to 28 U.S.C. § 1391(b), the defendant resides and does business in this district, and a substantial part of the events giving rise to plaintiff's claims occurred here.

1

## CONDITIONS PRECEDENT

5. That plaintiff has exhausted all administrative remedies and conditions precedent, including timeliness, deferral and all other jurisdictional requirements necessary for the maintenance of the foregoing action, all of which are more fully described below. Moreover, defendant is an "employer" as defined by Title VII with 15 or more employees and is otherwise subject to Title VII.

6. That on or about December 12, 2008, and as result of defendant's discriminatory conduct, all of which is more fully described below, plaintiff timely filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based upon sex and retaliation.

7. That plaintiff received a right to sue notice from the EEOC regarding the complaint described above in paragraph 6 on or about June 22, 2009.

8. That plaintiff has timely filed the foregoing action within ninety (90) days of the date on which she received the notice of right to sue described above in Paragraph 7.

## FACTS

9. That in or around December of 2007, plaintiff was hired by Johnson Services Group ("JSG") to work as a mechanic building airplanes.

10. That JSG was working as a subcontractor under a contract it had with defendant.

11. That plaintiff physically worked at defendant's plant in North Charleston, South Carolina and plaintiff reported to and was supervised by defendant's management employees.

12. That plaintiff performed all her job duties for defendant and JSG in an above-satisfactory fashion and otherwise maintained an excellent employment record with both companies.

13. That in or around the end of February/beginning of March 2008, defendant's employee Morris Southern ("Southern") was transferred into plaintiff's department.

14. That Southern was a supervisory employee at defendant and was charged with supervising plaintiff and her crew.

15. That on or about the second day after Southern's transfer into plaintiff's department, Southern began to sexually harass plaintiff.

16. That Southern's sexual harassment of plaintiff included, but was not limited to the following conduct:

   (a) He constantly asked plaintiff if her breasts were real;

   (b) He repeatedly told plaintiff he wanted her to be his girlfriend;

   (c) He would always ask plaintiff if she would go out with him and when he and plaintiff were going to go out;

   (d) He would tell plaintiff that she never did tell him if her breasts were real;

   (e) On one occasion, he wrote a note to plaintiff asking her if he could see plaintiff's breasts;

   (f) On another occasion, Southern wrote a note to plaintiff asking if he could see plaintiff totally naked;

   (g) He would constantly ask plaintiff when he and plaintiff were going to hook up; and

   (h) He always invited plaintiff to go out with him and to have sex.

17. That on one occasion plaintiff even recorded Southern making these advances.

18. That in addition to the above, Southern had sexual relationships with many female employees who worked with defendant or its subcontractors and he openly sexually harassed many female employees at defendant's plant.

19. That other female employees at the plant had complained about Southern's inappropriate behavior.

20. That defendant never provided plaintiff with any type or kind of sexual harassment policy. In meetings, however, defendant instructed persons at the plant to report concerns, including sexual harassment, to lead employees.

21. That as such, in or around mid-March of 2008, plaintiff complained to a lead person named Steve Cox, an employee with subcontractor Plane Tech, that Southern was sexually harassing her.

22. That the harassment continued even after plaintiff's complaint.

23. That in or around mid-August 2008, Southern again asked plaintiff when plaintiff was going to go out with him. He further badgered plaintiff about coming over to her home so that he and the plaintiff could "hook up" while plaintiff's boyfriend was out of town.

24. That on or about August 20, 2008, plaintiff approached Southern and asked him what she should be doing in terms of work-related tasks. Southern responded that plaintiff could either "go see Ralph and get W-2's from him or you can just get on me."

25. That in response, plaintiff advised Southern that she had recorded his advances in the past. Southern became upset and nervous and stated that his conduct towards plaintiff had all been in jest.

26. That plaintiff then reported the sexual harassment to Thomas Verde, a lead employee, and also to an engineer named Dick. Both men advised plaintiff to make her

complaint to defendant's human resource department. Plaintiff also reported the harassment to Paul Gawdrault, who, in turn, reported the matter to Southern's foreman.

27. That on or about August 20, 2008, plaintiff met with defendant's human resource representative and complained about the sexual harassment.

28. That on or about August 22, 2008, the living room windows of plaintiff's apartment were busted out while plaintiff was at work.

29. That on or about August 23, 2008, plaintiff discovered that someone had written "Fucking Bitch" with blue magic marker in three inch block letters across the front door of her apartment.

30. That during these times, Southern was on suspension from work. Upon information and belief, Southern was responsible for both acts of vandalism and, as such, plaintiff filed a police report and reported both incidents to defendant's human resource department.

31. That apparently defendant ultimately fired Southern.

32. That after plaintiff's complaints of harassment, plaintiff's new supervisor, Ralf Throck-Morton, began to treat plaintiff in a rude and antagonistic manner.

33. That on or before September 17, 2008, management employees at defendant (Tom Mann and Fiore Gossi) placed plaintiff's name on a list of persons to be laid off from the project. That day plaintiff was, in fact, laid off.

34. That, upon information and belief, plaintiff was the only person on her crew to be laid off. Other employees on plaintiff's crew who had less seniority on the project than she did were not laid off.

**FOR A FIRST CAUSE OF ACTION:**
**VIOLATION OF TITLE VII**
**SEXUAL HARASSMENT/HOSTILE ENVIRONMENT**

35. That the plaintiff hereby realleges each and every allegation contained in Paragraphs 1 through 34 hereinabove as fully as if set forth verbatim.

36. That at all pertinent times, defendant employed fifteen (15) or more employees and is, therefore, an "employer" as defined by Title VII and is subject to the Act.

37. That defendant's conduct as described above was unwelcome, and plaintiff so advised defendant.

38. That said harassment described above was based on plaintiff's sex.

39. That defendant's behavior humiliated plaintiff, unreasonably interfered with her work performance, affected the terms, conditions and privileges of her employment and otherwise caused plaintiff severe psychological and physical harm.

40. That defendant's actions as alleged above created a work environment that plaintiff found, and a reasonable person would find, hostile and abusive.

41. That on numerous and repeated occasions, plaintiff and other employees complained about the above-described sexual harassment directly to defendant and defendant was otherwise on notice that the harassment was occurring as it occurred openly and on a widespread basis at the defendant and other female employees had complained about the harasser on prior occasions. Moreover, defendant never issued any sexual harassment policies to the plaintiff.

42. That despite the above, defendant wholly failed to take prompt and effective remedial action to end the harassment, and defendant continued to sexually harass the plaintiff.

43. That the actions of defendant in engaging in offensive verbal conduct, unwanted sexual propositions and conversations, and unwanted touching, constitute discrimination against plaintiff in violation of Title VII and the Civil Rights Act of 1991.

44. That as a result of the above, plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

45. That the defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the plaintiff, and therefore plaintiff is entitled to recover punitive damages from the defendant.

### FOR A SECOND CAUSE OF ACTION:
### VIOLATION OF TITLE VII
### RETALIATION

46. That the plaintiff hereby realleges each and every allegation contained in Paragraphs 1 through 45 hereinabove as fully as if set forth verbatim.

47. That at all relevant times, defendant employed fifteen (15) or more employees and, therefore, is an "employer" as defined by Title VII and is subject to the Act.

48. That as alleged above, plaintiff complained to the defendant on several occasions that she was being sexually harassed and discriminated against because of her sex.

49. That plaintiff's complaints were made in good faith, and constitute protected activity under Title VII.

50. That defendant fired plaintiff within 30 days of plaintiff making her last complaints of sexual harassment.

51. That defendant terminated plaintiff for making complaints of sexual harassment and discrimination, and for opposing discrimination based upon sex, all of which is in violation of 42 U.S.C. § 2000e-3.

52. That as a result of the above, plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

53. That the defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the plaintiff, and therefore plaintiff is entitled to recover punitive damages from the defendant.

WHEREFORE, as to Plaintiff's First and Second Causes of Action, plaintiff prays for the following relief against defendant: for such amount of actual and special damages as the trier of fact may find, (including lost back and future wages, income and benefits, expenses associated with finding other work, severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, and physical and personal injuries), punitive damages, the cost and disbursements of this action, including reasonable attorneys fees, prejudgment interest and for such other and further relief as the court deems just and proper;

                        HITCHCOCK & POTTS

                        By:  *s/A. Christopher Potts*
                        Federal ID No.:  5517
                        31 Broad Street (P.O. Box 1113)
                        Charleston, SC 29401 (29402)
                        Telephone:  (843) 577-5000
                        Fax:  (843) 722-8512
                        E-Mail:  hitchp@bellsouth.net
                        ***Attorneys for the Plaintiff***

Charleston, South Carolina
August 31, 2009